# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYNARD R. JACKSON,

                Plaintiff,

        -vs-                                  Case No.   12-CV-0047

ALA W. AWADALLAH,
THOMAS DINEEN,
PAUL LOUGH,
KEITH DODD, and
MILWAUKEE POLICE DEPARTMENT,

                Defendants.

## DECISION AND ORDER

        The plaintiff, Raynard R. Jackson, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, which was dismissed on March 12, 2012, for failure to state a claim. Judgment was entered the same day. Now before the court is a motion under Federal Rule of Civil Procedure 59(e) to alter or amend this court's March 12, 2012 judgment dismissing the plaintiff's complaint.[1]

        Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact.

---

[1] Although the plaintiff's motion was docketed as a motion to amend/correct complaint, the title of the document is: "Motion to Alter or Amend this Court's March 12, 2012 Judgment Dismissing Plaintiff § 1983 Civil Action for Failure to State a Claim Pursuant to Rule 59(e)." (ECF 11.)

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion, the plaintiff argues that his claim for malicious prosecution did not accrue until his criminal conviction was vacated in 2009. He acknowledges that this is a Wisconsin state law claim, but contends that circumstances beyond his control caused him to miss Wisconsin's two year statute of limitations on that claim. The plaintiff submits that he missed the two year deadline to file his malicious prosecution claim because of mail tampering at the Wisconsin Secure Program Facility and therefore the state law remedy was not available to him. He acknowledges that his other claims were dismissed as untimely, but asks the court to exercise supplemental jurisdiction over the malicious prosecution claim pursuant to 28 U.S.C. § 1367. He contends that it would be a miscarriage of justice to preclude the plaintiff from pursuing this non-frivolous claim and that he no longer has a state law remedy due to the mail tampering by prison staff.

As this Court previously noted, malicious prosecution is not a constitutional tort unless the state does not provide any remedy for malicious prosecution, *Newsome v.*

*McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"), and the state of Wisconsin recognizes the tort of malicious prosecution. *See Strid v. Converse*, 111 Wis.2d 418, 331 N.W.2d 350 (Ct.App.1994).

A district court's decision to decline to exercise supplemental jurisdiction over a state claim once the federal claims have been dismissed is reviewed for an abuse of discretion. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Exceptions to the rule of thumb exist (1) "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court"; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort"; or (3) "when it is absolutely clear how the pendent claims can be decided." *Id.*

This Court never allowed the plaintiff's federal claims to proceed. Thus, there are no claims over which the Court has original jurisdiction to which the plaintiff's state law malicious prosecution claim could be a supplement. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if the district court "has dismissed all claims over which it has original jurisdiction"); *Hoagland*

3

*v. Town of Clear Lake,* 415 F.3d 693, 700 (7th Cir. 2005) (district court wisely refused to exercise supplemental jurisdiction over plaintiffs' state law claims after properly dismissing all federal claims).

Moreover, even if this Court were to exercise supplemental jurisdiction over the plaintiff's malicious prosecution claim, the same two-year statue of limitations would apply to bar the plaintiff's claim. *Turner v. Sanoski*, 2010 WI App 92, ¶13, 327 Wis.2d 503, 787 N.W.2d 429 ("[B]ecause malicious prosecution is an intentional tort to the person, the Wis. Stat. § 893.57 two-year statute of limitations applies.").

If the plaintiff's mail was tampered with, causing him to miss the statute of limitations, the plaintiff's remedy is an access to the courts claim against those individuals who tampered with his mail, not the ability to proceed on a time-barred claim. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (To state a denial-of-access claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions . . . .)." In the context of this Rule 59(e) motion, the plaintiff has presented no newly discovered evidence. Nor has he shown a manifest error of law or fact in the Court's March 12, 2012, Decision and Order. Accordingly, the plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to alter or amend this court's March 12, 2012 judgment dismissing plaintiff's complaint (Docket #11) is **denied**.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2012.

**SO ORDERED,**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**